UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **POROS, INC. d/b/a BENTLEY'S PANCAKE HOUSE**, an Illinois corporation; <br> **PETE GIAFIS**, an individual; and <br> **STAVROULA GIAFIS**, an individual, <br><br> Defendants. | Civil action no.: |

## COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants **POROS, INC. d/b/a BENTLEY'S PANCAKE HOUSE**, an Illinois corporation, **PETE GIAFIS**, an individual, and **STAVROULA GIAFIS**, an individual, (collectively "Defendants") from violating the provisions of §§ 3(m)(2)(B), 7, and 11 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (hereinafter, the "Act"), pursuant to § 17 of the Act; and to recover unlawfully kept tips and unpaid overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to § 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by §§ 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A) Defendant **POROS, INC. d/b/a BENTLEY'S PANCAKE HOUSE** (hereinafter "**POROS**"), is and, at all times hereinafter mentioned, was an Illinois corporation with an office located at 142 E. Lake Street, Bloomingdale in DuPage County, Illinois 60108, within the jurisdiction of this Court. **POROS** is and, at all times hereinafter mentioned, was engaged in operating a restaurant and related types of activities.

(B) Defendant **PETE GIAFIS** is and, all times hereinafter, was an owner of **POROS**. At all times hereinafter mentioned, **PETE GIAFIS** is and was engaged in business within DuPage County, acting directly or indirectly in the interest of **POROS** in relation to its employees. **PETE GIAFIS,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of **POROS**.

(C) Defendant **STAVROULA GIAFIS** is and, all times hereinafter, was an owner of **POROS**. At all times hereinafter mentioned, **STAVROULA GIAFIS** is and was engaged in business within DuPage County, acting directly or indirectly in the interest of **POROS** in relation to its employees. **STAVROULA GIAFIS,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of **POROS**.

**III**

Defendant **POROS** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of § 3(r) of the Act.

IV

Defendant **POROS** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly and willfully violated § 3(m)(2)(B) of the Act by requiring servers to participate, in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, in an invalid tip pool in which Defendants unlawfully kept servers tip contributions for a purpose, other than to distribute to employees who customarily and regularly receive tips within the meaning of § 3(t) of the Act. 29 U.S.C. § 203(t). Because Defendants unlawfully kept servers' tips, Defendants violated § 3(m)(2)(B) of the Act.

VI

Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for

their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

    A.    Defendants paid cooks, dishwashers, and bussers at their regular rate for all hours worked without compensating said employees at a rate not less than one and one-half times their regular rates for their overtime hours.

    B.    Defendants failed to compensate certain employees for hours worked in excess of forty (40) in a workweek at rates not less than one and one-half times their regular rates.

## VII

Defendants repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of housekeeper employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the rates at which they were employed.

## VIII

During the period since February 5, 2018, Defendants repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of improperly kept tips and unpaid overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by § 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to § 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B. For an Order:

1. pursuant to § 16(c) of the Act, finding Defendants liable for reimbursement of improperly kept tips, for unpaid overtime compensation, and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages, tips, and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to § 17 of the Act, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of improperly retained tips and unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: April 12, 2021                                    Respectfully submitted,

                                                          **ELENA S. GOLDSTEIN**
                                                          Deputy Solicitor of Labor

5

**CHRISTINE Z. HERI**
Regional Solicitor

_____
**ELISABETH NOLTE**
Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604
Telephone No.: 312/353-7837
Facsimile No.: 312/353-5698
E-mail Address: nolte.elisabeth.p@dol.gov

Attorneys for **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, Complainant

**EXHIBIT A**

Alorza, Francisco
Alvarez, Antonio
Amdianova, Venera
Arce, Elvas
Avitia, Melanie
Bertana, Laura
Campos, Katrina
Chagoya, Catarino
Cortez, Jose
Daub, Rachel
Delis, Christina
Gerger, Jennifer
Gonzalez, Ramon
Joy, Jody
Limonez, Olivia
Lindeman, Patty
Neal, Hayley
Noriega, Sanja
Pajaro, Miguel
Papadeo, Heather
Papnikolau, Antonia
Pedder, Kelly
Pinzon, Juan
Pyle, Lisa
Rojas, Fernando
Schilke, Judy
Sepsakos, Trianthy
Smith, Melanie
Tapia, Josue
Chino
Vallejo, Cristian
Vallejo, Gavino
Waekentien, Janet