UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, ) <br> Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **POROS, INC. d/b/a BENTLEY'S** ) <br> **PANCAKE HOUSE**, an Illinois corporation; ) <br> **PETE GIAFIS**, an individual; and ) <br> **STAVROULA GIAFIS**, an individual, ) <br> ) <br> Defendants. ) | Civil Action No.: 1:21-cv-01944 <br><br> Judge: Honorable Mary M. Rowland |

### DEFENDANTS POROS, INC. D/B/A BENTLEY'S PANCAKE HOUSE, PETE GIAFIS, and STAVROULA GIAFIS RESPONSE TO REQUESTS FOR ADMISSIONS (FIRST SET)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Court's Minute Entry dated June 25, 2021 [ECF No. 12], Plaintiff **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary"), requests Defendants **POROS, INC. D/B/A BENTLEY'S PANCAKE HOUSE**, **PETE GIAFIS**, and **STAVROULA GIAFIS** (collectively, "Defendants") respond to the following requests for admissions separately and fully, in writing, and under oath, and serve a copy of their responses thereto on the undersigned within thirty days.

### GENERAL INSTRUCTIONS

A. Each matter for which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within such shorter or longer time as the Court may allow, Defendants serve upon the Secretary a written answer or objection addressed to the matter, and signed by Defendants or their representative.

B. Where changes have occurred during the relevant period which make statements with respect to one portion of the period inapplicable to other portions of the period, such changes are to be noted, their significance explained, and the information is to be given with respect to each such portion of the period, noting the approximate dates of the changes.

C. If an objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot

Ex. 2

truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

## DEFINITIONS

The definitions and instructions provided in the *Secretary of Labor's Interrogatories to Respondent (First Set)* in this matter shall apply in the following Requests for Admissions. All of the Requests in this document cover the time period from February 5, 2018, through February 2, 2020, unless otherwise specifically stated.

## REQUESTS FOR ADMISSIONS

**Request No. 1:** In the course of Defendants' business, employees of Defendant Poros, Inc. d/b/a Bentley's Pancake House (hereinafter "Bentley's Pancake House") serve condiments and food products that were manufactured outside of the State of Illinois.

> **Response:** Admit.

**Request No. 2:** In the course of Defendants' business, Bentley's Pancake House processed credit card transactions that were transmitted out-of-state in the course of its business.

> **Response:** Admit.

**Request No. 3:** Bentley's Pancake House's annual gross dollar volume of sales exceeded $500,000 in calendar year 2018.

> **Response:** Admit.

**Request No. 4:** Bentley's Pancake House's annual gross dollar volume of sales exceeded $500,000 in calendar year 2019.

> **Response:** Admit

**Request No. 5:** Bentley's Pancake House's annual gross dollar volume of sales exceeded $500,000 in calendar year 2020.

> **Response:** Admit.

Ex. 2

**Request No. 6:** During the investigation period, Defendant Pete Giafis owned 100% of Bentley's Pancake House.

    **Response:**    **Admit.**

**Request No. 7:** During the investigation period, Defendant Pete Giafis was the President of Bentley's Pancake House.

    **Response:**    **Admit.**

**Request No. 8:** During the investigation period, Defendant Pete Giafis was responsible for hiring and supervising employees of Bentley's Pancake House.

    **Response:**    **Admit.**

**Request No. 9:** During the investigation period, Defendant Stavroula Giafis was the Vice President of Bentley's Pancake House.

    **Response:**    **Deny. Stavourla Giafis was the Secretary of Poros.**

**Request No. 10:** During the investigation period, Defendant Stavroula Giafis was responsible for handling Bentley's Pancake House employees' pay.

    **Response:**    **Admit.**

**Request No. 11:** During the investigation period, Defendant Stavroula Giafis was responsible for hiring and supervising some employees of Bentley's Pancake House.

    **Response:**    **Admit.**

**Request No. 12:** All of the individuals listed in Exhibit A of the Secretary's Complaint were employed by Defendants during the investigation period.

    **Response:**    **Admit.**

**Request No. 13:** None of the employees listed in Exhibit A of the Secretary's Complaint were exempt from the minimum wage and overtime requirements contained in the Fair Labor Standards Act ("FLSA") during the investigation period.

Ex. 2

**Response:** **Admit.**

**Request No. 14:** The following individuals listed in Exhibit A of the Secretary's Complaint were employed by Defendants as servers during the investigation period: Venera Amdianova; Elvas Arce; Melanie Avitia; Laura Bertana; Katrina Campos; Rachel Daub; Christina Delis; Jennifer Gerger; Jody Joy; Olivia Limonez; Patty Lindeman; Hayley Neal; Sanja Noriega; Heather Papadeo; Antonia Papnikolau; Kelly Pedder; Lisa Pyle; Judy Schilke; Trianthy Sepsakos; Melanie Smith; Janet Waekentien.

**Response:** **Defendants deny that Elvas Arce, Katrina Campos, Olivia Limonez, Antonia Papnikolau, and Trianthy Sepsakos were employed as servers.**

**Request No. 15:** Servers received tips through their employment at the restaurant during the investigation period.

**Response:** **Admit.**

**Request No. 16:** During the investigation period, Defendants claimed a tip credit for servers for the difference between these employees' cash wage and the federal minimum wage.

**Response:** **Admit.**

**Request No. 17:** During the investigation period, Defendants required servers to contribute to a tip pool.

**Response:** **Defendants only admit that servers were asked to contribute to a tip pool, but the policy was not enforced.**

**Request No. 18:** Servers were required to contribute at least $10 or 10% of their tips to the tip pool each workday.

**Response:** **Deny. Servers were asked to contribute to the tip pool, but the policy was not enforced.**

**Request No. 19:** Defendants did not keep and maintain any records reflecting the amount of tips each server contributed to the tip pool.

**Response:** **Admit.**

4

Ex. 2

**Request No. 20:** Defendants did not make or maintain any records reflecting the amount of tips any employees received from the tip pool.

 **Response:** **Admit.**

**Request No. 21:** Defendants told servers the money contributed to the tip pool was given to bussers/busboys.

 **Response:** **Deny.**

**Request No. 22:** Defendants did not claim a tip credit for employees who worked as bussers/busboys during the relevant period.

 **Response:** **Admit.**

**Request No. 23:** During the investigation period, Defendants did not distribute the money from the tip pool to the bussers/busboys.

 **Response:** **Deny.**

**Request No. 24:** During the investigation period, Defendants kept the money from the tip pool.

 **Response:** **Deny. Money from the tip pool was paid out in bonuses to employees and used for employee meals.**

**Request No. 25:** The following individuals listed in Exhibit A of the Secretary's Complaint were employed by Defendants as "back of the house" employees (i.e. cooks, dishwashers, bussers/busboys) during the investigation period: Francisco Alorza; Antonio Alvarez; Catarino Chagoya; Jose Cortez; Ramon Gonzales; Miguel Pajaro; Juan Pinzon; Fernando Rojas; Josue Tapia; "Chino"; Cristian Vallejo; Gavino Vallejo.

 **Response:** **Admit.**

**Request No. 26:** The "back of the house" employees identified in Request No. 26 above worked more than forty (40) hours per week during certain workweeks during the investigation period.

 **Response:** **Admit.**

Ex. 2

**Request No. 27:** Defendants recorded the hours worked by the "back of the house" employees identified in Request No. 26 above using timecards.

    **Response:**    Admit.

**Request No. 28:** The following employees were paid by a combination of cash and check during the investigation period: Gavino Vallejo; Cristian Vallejo; Antonio Alvarez; Francisco Alorza; Josue Tapia).

    **Response:**    Admit.

**Request No. 29:** The employees identified in Request No. 29 were paid at a lower wage rate by check.

    **Response:**    Admit.

**Request No. 30:** The employees identified in Request No. 29 were paid at a higher wage rate in cash.

    **Response:**    Admit.

**Request No. 31:** The following employees were paid solely in cash during the investigation period: Ramon Gonzales; Catarino Chagoya; "Chino"; Jose Cortez; Miguel Pajaro; Fernando Rojas; Juan Pinzon.

    **Response:**    Admit

**Request No. 32:** During the investigation period, the employees identified in Request No. 32 were paid at their regular rate for all hours worked during the workweek, including hours worked over forty (40).

    **Response:**    **Defendant objects to Request No. 32 to the extent "identified in Request No. 32" does not reference a specific request. Without waiving said objection and further responding, deny.**

**Request No. 33:** A true and accurate copy of the timecards used by Defendants referred to in Request No. 28 above are attached hereto and made a part hereof as Exhibit A.

    **Response:**    Admit.

Ex. 2

**Request No. 34:** The timecards comprising Exhibit A, attached hereto, were made by a person with knowledge of, or made from information transmitted by a person with knowledge of, the acts and events appearing on the documents.

>**Response:** **Admit.**

**Request No. 35:** The timecards comprising Exhibit A, attached hereto, were kept by Defendants in the course of regularly conducted business.

>**Response:** **Admit.**

**Request No. 36:** A true and accurate copy of the first tolling agreement executed by the parties is attached hereto and made a part hereof as Exhibit B.

>**Response:** **Defendants admit and the document speaks for itself.**

**Request No. 37:** The tolling agreement in Exhibit B, referred to in Request No. 37 herein, was signed by Defendant Pete Giafis as an individual and on behalf of Defendant Bentley's Pancake House as its President and Authorized Representative.

>**Response:** **Deny. Pete Giafis signed the tolling agreement as an authorized agent of Poros and not in his individual capacity.**

**Request No. 38:** The tolling agreement in Exhibit B, referred to in Request No. 37 herein, was signed by Defendant Pete Giafis on or about December 10, 2020.

>**Response:** **Defendants admits and the document speaks for itself.**

**Request No. 39:** The tolling agreement in Exhibit B, referred to in Request No. 37 herein, was signed by Defendant Stavroula Giafis as an individual.

>**Response:** **Deny. Stravroula Giafis signed the tolling agreement as an authorized agent of Poros and not in her individual capacity.**

**Request No. 40:** The tolling agreement in Exhibit B, referred to in Request No. 37 herein, was signed by Defendant Stavroula Giafis on or about December 10, 2020.

>**Response:** **Defendants admit and the document speaks for itself.**

**Request No. 41:** A true and accurate copy of the second tolling agreement executed by the parties is attached hereto and made a part hereof as Exhibit C.

Ex. 2

**Response:** **Defendants admit and the document speaks for itself.**

**Request No. 42:** The tolling agreement in Exhibit C, referred to in Request No. 47 herein, was signed by Defendant Pete Giafis as an individual and on behalf of Defendant Bentley's Pancake House as its President and Authorized Representative.

**Response:** **Deny. Pete Giafis signed the tolling agreement as an authorized agent of Poros and not in his individual capacity.**

**Request No. 43:** The tolling agreement in Exhibit C, referred to in Request No. 47 herein, was signed by Defendant Pete Giafis on or about February 23, 2021.

**Response:** **Defendants admit and the document speaks for itself.**

**Request No. 44:** The tolling agreement in Exhibit C, referred to in Request No. 47 herein, was signed by Defendant Stavroula Giafis as an individual.

**Response:** **Deny. Stavroula Giafis signed the tolling agreement as an authorized agent of Poros and not in her individual capacity.**

**Request No. 45:** The tolling agreement in Exhibit C, referred to in Request No. 47 herein, was signed by Defendant Stavroula Giafis on or about February 23, 2021.

**Response:** **Defendants admit and the document speaks for itself.**

**Request No. 46:** A true and accurate copy of Defendants' payroll records are attached hereto as Exhibit D.

**Response:** **Admit.**

**Request No. 47:** Exhibit D, referred to in Request No. 57 herein, represents records that were made at or near the time of the acts and events appearing on the documents.

**Response:** **Admit.**

**Request No. 48:** Exhibit D, referred to in Request No. 57 herein, are records that were made by a person with knowledge of, or made from information transmitted by a person with knowledge of, the acts and events appearing on the documents.

**Response:** **Admit.**

**Request No. 49:** Exhibit D, referred to in Request No. 57 herein, represents records that were kept by Defendants in the course of regularly conducted business.

**Response:** **Admit.**

8

Ex. 2

**Request No. 50:** Prior to the investigation giving rise to this litigation, Defendants were previously investigated by the U.S. Department of Labor, Wage and Hour Division (hereinafter referred to as "prior WHD investigation").

    **Response:**    **Admit.**

**Request No. 51:** The prior WHD investigation covered the period of March 2012 through August 2013.

    **Response:**    **Admit.**

**Request No. 52:** During the prior WHD investigation, WHD informed Defendants they had violated the FLSA's overtime requirements.

    **Response:**    **Admit.**

**Request No. 53:** During the prior WHD investigation, WHD informed Defendants they had violated the FLSA's recordkeeping requirements.

    **Response:**    **Admit**

**Request No. 54:** During the prior WHD investigation, the Wage and Hour Division provided written and verbal guidance on compliance with the FLSA to Defendants.

    **Response:**    **Admit.**

9

Ex. 2

**CERTIFICATION**

  Under penalties as provided by law, the undersigned certifies that the responses set forth in this instrument are complete, true, and correct at the time of the signing of this document, based on the knowledge, information, and belief of the undersigned.

                _____
                **Pete Giafis, individually, and on behalf of Poros, Inc.**

E. Angelo Spyratos (6207764)
Josh R. Ladwig (6306388)
SPYRATOSDAVIS LLC
1001 Warrenville Road
Suite 210
Lisle, Illinois 60532
630.434.0286/ Fax: 630.963.8733
aspyratos@spydavlaw.com
jladwig@spydavlaw.com
Attorneys for Defendants
x:\6000_9000\8255.200021\dol lawsuit\discovery\our answers\response to request admit.docx

10

Ex. 2

## **CERTIFICATION**

      Under penalties as provided by law, the undersigned certifies that the responses set forth in this instrument are complete, true, and correct at the time of the signing of this document, based on the knowledge, information, and belief of the undersigned.

**STAVROULA GIAFIS**

E. Angelo Spyratos (6207764)
Josh R. Ladwig (6306388)
SPYRATOSDAVIS LLC
1001 Warrenville Road
Suite 210
Lisle, Illinois 60532
630.434.0286/ Fax: 630.963.8733
aspyratos@spydavlaw.com
jladwig@spydavlaw.com
Attorneys for Defendants

x:\6000_9000\8255.200021\dol lawsuit\discovery\our answers\response to request admit.docx

11

Ex. 2

Ex. 2

## CERTIFICATE OF SERVICE

      I certify that a copy of the **Defendants' Response to Request to Admit** was served by email on September  13 , 2021, to Elisabeth Nolte at nolte.elisabeth.p@dol.gov.

                                   /s/   Erin Carver

E. Angelo Spyratos (6207764)
Josh R. Ladwig (6306388)
SPYRATOSDAVIS LLC
1001 Warrenville Road
Suite 210
Lisle, Illinois 60532
630.434.0286/ Fax: 630.963.8733
aspyratos@spydavlaw.com
jladwig@spydavlaw.com
Attorneys for Defendants