UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:21-cv-01944 ) ) Hon. Mary M. Rowland |
| **POROS, INC. d/b/a BENTLEY'S PANCAKE HOUSE**, an Illinois corporation; **PETE GIAFIS**, an individual; and **STAVROULA GIAFIS**, an individual, | ) District Judge ) ) ) ) ) |
| Defendants. | ) ) ) |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or the "Act"), and Defendants Poros, Inc. d/b/a Bentley's Pancake House (hereinafter, "Poros"), an Illinois corporation, Pete Giafis, an individual, and Stavroula Giafis, an individual, (collectively "Defendants") have appeared by counsel and agree to the entry of this Consent Order and Judgment pursuant to settlement of this matter.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under § 3(r) of the FLSA. 29 U.S.C. § 203(r).

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(1)(A) of the FLSA. 29 U.S.C. § 203(1)(A).

Defendants admit and the Court finds Defendants are employers as defined in § 3(d) of the FLSA. 29 U.S.C. § 203(d).

Upon motion of attorneys for the Secretary and Defendants and for cause shown:

It is ORDERED, ADJUDGED, AND DECREED, pursuant to § 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of § 3(m)(2)(B), 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Pursuant to the Honorable Court's Order Granting Injunctive Relief [ECF No. 60], Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), retain employee tips for an unlawful purpose.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Poros, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Poros, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at

which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

 a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

 b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

 c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5. Defendants shall comply with the FLSA at all current and future establishments in the State of Illinois.

6. . Except for cash tips received by tipped workers such as servers, Defendants shall pay all current and future employees' wages through payroll check. Cash tips paid to tipped workers such as servers may be paid in cash. Defendants shall accurately record all employees'

3

names, addresses, social security numbers, hours worked, wages paid, and rates of pay on their payroll records. Defendants shall ensure that payroll records accurately reflect all hours worked and amounts paid to their employees whether paid by check or cash. Defendants shall provide each employee on each pay date with a pay stub that accurately reflects the employees' full name, pay period dates, total hours paid, regular rate of pay, straight time hours worked, overtime hours worked, gross wages, net wages, tips received, tip credit taken, and all withholding and deductions taken. All pay and deductions must be recorded and maintained whether payments are made by check or in cash.

7. This Consent Order and Judgement shall be posted at all of Defendants' establishments, at a location where employee notices are customarily posted, and shall remain posted for a period of not less than 6 months.

8. Defendants shall comply with 29 C.F.R. § 516.4 by posting the FLSA poster in both English and Spanish.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to § 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $123,000, plus post-judgment interest as set forth in Exhibit A.

9. Pursuant to the Honorable Court's Memorandum Order and Opinion granting partial summary judgement to Plaintiff issued on March 27, 2023 [ECF No. 59], the Secretary shall recover from Defendants a total of $52,560 awarded by the Court for violations of FLSA § 3(m)(2)(B), 29 U.S.C. § 203(m)(2)(B), to the current and former employees listed in Exhibit B attached herewith, covering the period from February 5, 2018, to February 2, 2020. This sum is composed of $26,280 in back wages and an additional $26,280 in liquidated damages.

10. The Secretary shall recover from Defendants the sum of $57,440 for the alleged overtime violations, pursuant to FLSA § 7, 29 U.S.C. § 207, covering the period from February 5, 2018, to February 2, 2020, for Defendants' current and former employees whose names are listed in the attached Exhibit C. This sum is composed of $28,720 for back wages and an additional $28,720 for liquidated damages.

11. The payments stated in ¶¶ 9-10, totaling $110,000, shall be made as follows:

   a. Defendants shall make payments in the amounts and on the dates specified in Exhibit A attached hereto by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

   b. Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibits B and C.

   c. Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

   d. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the

    Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

  e. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to § 16(c) of the FLSA.

  f. The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibits B and C, nor shall the provisions in any way affect any legal right of any individual named on Exhibits B and C to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

12. In addition to the amounts set forth in ¶¶ 9-10, the Secretary shall recover from Defendants the sum of $13,000 in civil money penalties owed to her, pursuant to section 16(e) of the FLSA, 29 U.S.C. § 216(e). Payment of the civil money penalty is due in the amounts and on the dates specified in Exhibit A attached hereto. Payment shall be made by ACH transfer, credit card, debit card, or digital wallet at https://pay.gov/public/form/start/77734516 or www.pay.gov and searching "WHD Civil Money Penalty Payment – Midwest Region".

13. Should Defendants fail to pay any of the aforesaid installment payments on or before the dates set forth in Exhibit A, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by the Secretary to Defendants. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (P.L. 104-134)

published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Secretary may pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

    14.    Defendants have the option to make any payment or payments shown on Exhibit A early, or pay any remaining amount to fulfill Defendants' obligations as shown on Exhibit A early, without penalty; however, no early or additional payments are required of Defendants other than those payments set forth in Exhibit A.

    15.    Upon the Court's entry of the parties' Consent Order and Judgment, the parties shall jointly file a report with the U.S. Department of Labor's Office of Administrative Law Judges notifying that Office of the resolution of this matter and Defendants' withdrawal of their Request for a Hearing on the Secretary's assessment of civil money penalties pursuant to this resolution.

    16.    By entering into this Consent Order and Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

    It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

    Dated this 17th day of November, 2023.

E N T E R:

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

Entry of this judgment is hereby consented to:

*For Defendants:*

_____
**POROS, INC. d/b/a BENTLEY'S PANCAKE HOUSE**

By: _____
Its: _____

_____
**PETE GIAFIS**

_____
**STAVROULA GIAFIS**

_____
**E. ANGELO SPYRATOS**
*Attorney for Defendant*

For the Secretary:

  **SEEMA NANDA**
  Solicitor of Labor

  **CHRISTINE Z. HERI**
  Regional Solicitor

_____
**ELISABETH NOLTE**
Attorney Bar No. 6321218 (IL)

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
nolte.elisabeth.p@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*